UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

LASERDYNAMICS USA, LLC,

        Plaintiff,

  - against -

CINRAM GROUP, INC.,

        Defendant.

------------------------------------------X

15 Civ. 1629 (RWS)

OPINION

LASERDYNAMICS USA, LLC,

        Plaintiff,

  - against -

ARVATO SYSTEMS NORTH AMERICA, INC.,
ARVATO DIGITAL SERVICES LLC, and ARVATO
ENTERTAINMENT LLC,

        Defendants.

------------------------------------------X

15 Civ. 3822 (RWS)

OPINION

A P P E A R A N C E S:

    <u>Attorneys for Plaintiff LaserDynamics USA, LLC</u>

    KHEYFITS & MALONEY LLP
    1140 6th Avenue, 9th Floor
    New York, NY 10036
    By: Dmitry A. Kheyfits, Esq.
        Michael James Maloney, Esq.

    <u>Attorneys for Defendants Cinram Group Inc.,
    Arvato Systems North America, Inc., Arvato</u>

1

<u>Digital Services, LLC, and Arvato</u>
<u>Entertainment LLC</u>

COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, NY  10112
By:  Ivan S. Kavrukov, Esq.
     Tonia A. Sayour, Esq.
     Elana Araj, Esq.

**Sweet, D.J.**

Defendants Arvato Systems North America, Inc. ("Arvato Systems"), Arvato Digital Services LLC ("Arvato Digital"), and Arvato Entertainment LLC ("Arvato Entertainment," collectively "Arvato") and Cinram Group ("Cinram," collectively the "Defendants") have moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the First Amended Complaints ("FACs") filed by LaserDynamics USA, LLC ("LaserDynamics" or the "Plaintiff") alleging infringement under 35 U.S.C.§§ 1, et. seq. of one or more claims of U.S. Patent No's. 6,426,927 (the "'927 patent"), 6,529,469 (the "'469 patent"), and 7,116,629 (the "'629 patent," collectively the "patents-in-suit"). Plaintiff's claims against all Defendants are substantively duplicative and relate to the recording and reproduction of optical discs. For these reasons, the motions and FACs will be addressed together. Based on the conclusions set forth below, the motions to dismiss are granted.

**Prior Proceedings**

On March 5, 2015, Plaintiff filed a complaint in this Court against Cinram, alleging patent infringement. See Compl., LaserDynamics USA, LLC v. Cinram Group Inc., No. 15-cv-1629

3

(S.D.N.Y. March 5, 2015). A nearly identical complaint was filed against Arvato on May 18, 2015. See Compl., LaserDynamics USA, LLC v. Arvato Systems N. Am., No. 15-cv-3822 (S.D.N.Y. May 18, 2015). Plaintiff alleges: (1) dual layer optical discs replicated by Defendants in conformance with the DVD-9 format infringe on at least claims 1 and 3 of the '927 patent, claims 1 and 10 of the '469 patent, and/or claims 1 and 6 of the '629 patent; (2) such direct infringement was and is being committed willfully; and (3) Defendants induce others to make, use, import, provide, supply, distribute, sell and offer products that infringe on the aforementioned claims of the patents-in-suit for the purposes of selling Defendants' replication services.

The Arvato action was deemed related to the Cinram action on June 8, 2015. On July 14, 2015, each Defendant moved to dismiss the complaint against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, for a more definite statement. Mot. to Dismiss Compl., LaserDynamics USA, LLC v. Cinram Group Inc., No. 15-cv-1629 (S.D.N.Y. July 14, 2015); Mot. to Dismiss Compl., LaserDynamics USA, LLC v. Arvato Systems N. Am., No. 15-cv-3822 (S.D.N.Y. July 14, 2015). Before those motions were argued or decided, Plaintiff filed their FACs in both actions on July 31, 2015.

First Am. Compl., LaserDynamics USA, LLC v. Cinram Group Inc., No. 15-cv-1629 (S.D.N.Y. March 5, 2015) (hereinafter "Cinram FAC"); First Am. Compl., LaserDynamics USA, LLC v. Arvato Systems N. Am., No. 15-cv-3822 (S.D.N.Y. July 31, 2015) (hereinafter "Arvato FAC").  Defendants filed motions to dismiss the FACs on August 20, 2015.  Def.'s Mot. to Dismiss FAC, LaserDynamics USA, LLC v. Cinram Group Inc., No. 15-cv-1629 (S.D.N.Y. Aug. 20, 2015) (hereinafter "Cinram MTD"); Def.'s Mot. to Dismiss FAC, LaserDynamics USA, LLC v. Arvato Systems N. Am., No. 15-cv-3822 (S.D.N.Y. Aug. 20, 2015) (hereinafter "Arvato MTD").

The FACs, which mirror one another in substance, contain the following allegations.  LaserDynamics owns three lawfully issued patents entitled "Data Recording and Reproducing Method For Multi-Layered Optical Disk System[s]": the '927 patent, the '469 patent, and the '629 patent. Cinram FAC ¶¶ 6-9; Arvato FAC ¶¶ 8-11.  The patents were issued to Yasuo Kamatani, the inventor of the technology claimed, between March 4, 2003 and October 3, 2006.  Cinram FAC ¶¶ 19-21; Arvato FAC ¶¶ 24-26.  All three patents were assigned to LaserDynamics at an unspecified date.  Cinram FAC ¶¶ 6, 22; Arvato FAC ¶¶ 8, 27.

Cinram, a Canadian corporation, operates as a manufacturer,

5

user, and seller of dual-layer optical discs for United States customers. Cinram FAC ¶¶ 3, 12. Arvato North America is the parent corporation of Arvato LLC and Arvato Entertainment, and all three also operate as manufacturers, users, and sellers of dual-layer optical desks for U.S. customers. Arvato FAC ¶¶ 3-5, 14. The Cinram and Arvato discs are manufactured in conformance with the industry standard for "DVD-9." Cinram FAC ¶ 12; Arvato FAC ¶ 14. "At least" this DVD-9 replication format used by Defendants willfully directly infringes on claims 1 and 3 of the '927 patent, claims 1 and 10 of the '469 patent, and/or claims 1 and 6 of the '629 patent. Cinram FAC ¶ 12, 24; Arvato FAC ¶ 14, 29. In addition, Defendants induce others to infringe on the aforementioned patent claims in the course of offering reproduction and related services to customers. Cinram FAC ¶ 12-15; Arvato FAC ¶¶ 15-17. There are no distinctions between Plaintiff's claims against Cinram and Plaintiff's claim against each Arvato entity. Compare Arvato FAC ¶¶ 27-38 with id. ¶¶ 39-51 and id. ¶¶ 52-64 and Cinram FAC ¶¶ 18-33.

General Patent Corporation ("GPC"), LaserDynamics' manager, informed Cinram of the infringement by letters on October 27, 2014 and November 24, 2014. Cinram FAC ¶ 16. GPC attempted to correspond with Arvato on five occasions between October 28, 2014 and May 7, 2015 to notify Arvato of the alleged

6

infringement. Arvato FAC ¶ 18. Though Arvato consists of three separate entities (Arvato North America, Arvato LLC, and Arvato Entertainment), each has officers, employees, and offices in common, and thus GPC considered each an agent of the other for purposes of receipt of the correspondence. Arvato FAC ¶ 21.

The motions to dismiss were heard and marked fully submitted on September 16, 2015.

**The Applicable Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks omitted). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570).

A claim is facially plausible when "the plaintiff pleads

7

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663 (quoting Twombly, 550 U.S. at 556). In other words, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." Twombly, 550 U.S. at 557 (internal quotation marks omitted).

Additionally, while "a plaintiff may plead facts alleged upon information and belief 'where the belief is based on factual information that makes the inference of culpability plausible,' such allegations must be 'accompanied by a statement of the facts upon which the belief is founded.'" Munoz-Nagel v. Guess, Inc., No. 12-1312, 2013 WL 1809772, *3 (S.D.N.Y. Apr. 30, 2013) (quoting Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010)) and Prince v. Madison Square Garden, 427 F. Supp. 2d 372, 384 (S.D.N.Y. 2006); see also Williams v. Calderoni, No. 11-3020, 2012 WL 691832, *7 (S.D.N.Y. Mar. 1, 2012). The pleadings, however, "must contain something more than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Twombly, 550 U.S. at 555 (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216 (3d ed. 2004)).

I.  **LaserDynamics Has Pled Sufficient Facts to Support a Claim of Direct Infringement As to DVD-9 Discs**

Noting differences between Defendants original motions to dismiss the complaints, Plaintiffs argue that in the motions now at bar, Defendants "concede that Plaintiff's identification of 'opposite-track path, dual-layer video DVDs' known in the industry as 'DVD-9' discs is sufficient" to plead direct infringement.  Pl.'s Opp., LaserDynamics USA, LLC v. Cinram Group Inc., No. 15-cv-1629 (S.D.N.Y. Sept. 3, 2015) (hereinafter "Pl.'s Opp. (Cinram)") at 1; Pl.'s Opp., LaserDynamics USA, LLC v. Arvato Systems N. Am., No. 15-cv-3822 (S.D.N.Y. Sept. 3, 2015) (hereinafter "Pl.'s Opp. (Arvato)") at 1.  Defendants note that LaserDynamics is a "non-practicing shell entity with no known assets other than" the patents in suit.  Cinram MTD at 2; Arvato MTD at 2.  Both Defendants nonetheless agree in their reply that Plaintiff has properly pled a claim for direct infringement with regard to DVD-9 discs.  Def.'s Reply, LaserDynamics USA, LLC v. Cinram Group Inc., No. 15-cv-1629 (S.D.N.Y. Sept. 14, 2015) (hereinafter "Cinram Reply") at 9; Def.'s Reply, LaserDynamics USA, LLC v. Arvato Systems N. Am., No. 15-cv-3822 (S.D.N.Y. Sept. 14, 2015) (hereinafter "Arvato Reply") at 9.

As to other direct infringement claims, Plaintiff alleges only that "[Defendants'] infringing products include, but are not limited to, <u>at least</u> dual-layer DVD-9 discs." Cinram FAC 24; ¶ Arvato FAC ¶¶ 29, 42, 55 (emphasis added). LaserDynamics also makes reference broadly to "infringing methods." Cinram FAC ¶ 28; Arvato FAC ¶¶ 33, 46, 59. Plaintiff alleges no facts to support a claim that Defendants produce products other than DVD-9 discs that plausibly infringe, or that Defendants practice some particular methods that plausibly infringe.

A patent allegation that pleads "a specific product that allegedly infringes [an identified] patent by virtue of certain specific characteristics" is sufficient to meet the <u>Twombly</u> standard. <u>Regeneron Pharm., Inc. v. Merus B.V.</u>, No. 14-CV-1650 KBF, 2014 WL 2795461, at *4 (S.D.N.Y. June 19, 2014). The parties agree LaserDynamics has met this burden with regard to DVD-9 discs. However, the "at least" and "infringing methods" language fails to plead a plausible claim for infringement as to the universe of unidentified products and methods. Accordingly, the direct infringement claims as to DVD-9 discs remain and Plaintiff's direct infringement claims as to all other products or methods are dismissed.

10

## II. LaserDynamics Has Failed to Plead Sufficient Facts to Support a Claim of Willful Infringement

"To willfully infringe a patent, the patent must exist and the accused infringer must have knowledge of it. Then, a patentee must show by clear and convincing evidence [1] that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and [2] that this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." Inv. Tech. Grp., Inc. v. Liquidnet Holdings, Inc., 759 F. Supp. 2d 387, 410 (S.D.N.Y. 2010) aff'd sub nom. Liquidnet Holdings, Inc. v. Pulse Trading, Inc., 478 F. App'x 671 (Fed. Cir. 2012) and aff'd sub nom. Liquidnet Holdings, Inc. v. Pulse Trading, Inc., 478 F. App'x 671 (Fed. Cir. 2012).

Laserdynamics has alleged no facts supporting a willfulness finding. Plaintiff argues that the GPC correspondence and filing and service of the complaint constitute "an objectively high likelihood" that Defendants' were infringing, and that Defendants were subjectively aware of that infringement. Pl.'s Opp. (Cinram) at 13; Pl.'s Opp. (Arvato) at 12. The GPC correspondence never so much as uses the word "infringement" except to notify Arvato of Plaintiff's infringement suits

11

against Cinram and others. See Decl. of Tonia Sayour in Supp. re: Cinram MTD, Exs. 1-4; Decl. of Tonia Sayour in Supp. re: Arvato MTD, Exs. 1-5. The correspondence supplies no additional substantive facts not contained in the FACs. The facts alleged in the FACs supporting the infringement claim amount to these following: Plaintiff owns patents related to reproduction of dual-layer optical disks, Defendants are each in the business of reproducing such disks using an industry standard method, and thus in the course of engaging in this business, Defendants infringe on Plaintiff's patents. See Cinram FAC; Arvato FAC.

"At the pleading stage, a plaintiff alleging a cause of action for willful infringement must plead facts giving rise to at least a showing of objective recklessness of the infringement risk." MONEC Holding AG v. Motorola Mobility, Inc., 897 F. Supp. 2d 225, 236 (D. Del. 2012) (citations omitted) (quotation marks omitted). The facts pled offer a *plausible* risk that Defendants were engaging in infringement by reproducing DVD-9s, and hence these claims survive Twombly. But the fact of some risk does not meet the much higher burden of plausibly claiming that an *objectively high* risk of infringement existed. Without additional facts to support a conclusion that infringement was more than a risk in the course of Defendants' business and was highly likely, Plaintiffs have failed to meet their burden.

As to knowledge, Plaintiff supplies that Defendants' knew that their conduct constituted infringement because each entity is a sophisticated player in the DVD reproduction business, and by way of the GPC correspondence and filing of this action. Pl.'s Opp. (Cinram) at 13; Pl.'s Opp. (Arvato) at 12. "The complaint must demonstrate a link between the various allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement were either known or were so obvious that they should have been known." MONEC Holding AG., 897 F. Supp. at 236 (citation omitted) (quotation marks omitted). In other words, actual knowledge is not necessary, but some pled facts must support a plausible finding as to the risk of infringement. See id.

The limited facts pled in Plaintiff's FACs and the incentives for licensing agreements in the GPC correspondence just as easily support a conclusion that Defendants knew of Plaintiff's infringement claims, but assumed them frivolous or invalid such that no (or little) risk existed. Plaintiff has not pled any additional facts to support its conclusion of known or objectively obvious risk. Knowledge of claims, without additional facts, does not alone prove knowledge of risk, let alone recklessness. See e.g., Aeritas, LLC v. Alaska Air Grp., Inc., 893 F. Supp. 2d 680, 685 (D. Del. 2012) ("the burden to

13

prove willful infringement includes more than mere knowledge of the patent"); See also Duhn Oil Tool, Inc. v. Cooper Cameron Corp., 609 F. Supp. 2d 1090, 1094 (E.D. Cal. 2009)("Willful infringement is not established by the simple fact of infringement, even where the accused has knowledge of the patents." (quotation marks omitted) (citing Eastman Kodak Co. v. Agfa-Gevaert N.V., 560 F.Supp.2d 227, 302 (W.D.N.Y.2008)). Moreover, "when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement." In re Seagate Tech., LLC, 497 F.3d at 1374. Plaintiff's attempt to reserve its ability to seek a willfulness finding based on post-filing knowledge therefore does not suffice to save its claim.

Plaintiff has failed to plead sufficient facts to support a plausible willfulness finding. Accordingly, Plaintiff's willfulness claims are dismissed.

## III. LaserDynamics Has Failed to Plead Sufficient Facts to Support a Claim of Induced Infringement

Defendants submit Plaintiff fails to plead facts sufficient to allow for a reasonable inference of induced infringement. Cinram MTD at 2; Arvato MTD at 2. The substance of Plaintiff's

14

inducement claims is that Defendants "induce [infringement] by *inter alia* marketing, selling, and/or offering for sale its replication services, including by providing replication customers instructions, specifications and/or other materials relating to the replication of DVD-9 discs and [Defendants'] replication services." Cinram FAC ¶ 27; Arvato FAC ¶ 32, 45, 58

As an initial matter, it must be noted that Plaintiff's induced infringement theory is inconsistent. Inducement liability implies actively encouraging another to infringe. See DSU Med. Corp. v. JMS Co., 471 F.3d 1293, 1306 (Fed. Cir. 2006). At some points, Plaintiff alleges as much: "[Defendants] also indirectly infringe under 35 U.S.C. § 271(b) by way of <u>inducing others</u>, including customers and/or consumers, to make, use, import, provide, supply, distribute, sell and offer to sell products that infringe." Cinram FAC ¶ 26; Arvato FAC ¶ 31 (emphasis added). But at other points, Plaintiff's inducement claim implies that rather than inducing customers to infringe, Defendants are inducing customers to utilize Defendants' own infringing services: "[Each Defendant] continues to induce its customers to engage [Defendants] for replication of dual-layer optical discs that infringe at least the aforementioned claims of the Patents-in-Suit." Cinram FAC ¶ 27; Arvato FAC ¶ 32. This is something distinct from encouraging another to commit an

15

infringing act.

Regardless of whether Plaintiff intends to assert that Defendants' customers are committing an infringing act or Defendants are inducing its customers to engage Defendants' to themselves commit infringement, LaserDynamics has failed to adequately plead the additional elements of induced infringement. "To sufficiently plead inducement, the patentee must show that the accused inducer took an affirmative act to encourage infringement with the knowledge that the induced acts constitute patent infringement. . . . [S]pecific intent and action to induce infringement must be proven." 3D Sys., Inc. v. Formlabs, Inc., No. 13 CIV. 7973, 2014 WL 1904365, at *3 (S.D.N.Y. May 12, 2014)(citations omitted). Both knowledge of the alleged infringement and specific intent involving "culpable conduct, directed to encouraging another's infringement" are therefore required. See DSU Med. Corp. v. JMS Co., 471 F.3d 1293, 1306 (Fed. Cir. 2006).

Knowledge (or willful blindness) is inadequately established. Plaintiff argues that the GPC letters suffice to meet the knowledge requirement, and are incorporated in the FAC. Pl.'s Opp. at 9. However, again, the GPC letters to Arvato and Cinram do not even forthrightly state legal conclusions, but

16

rather attempt primarily to goad Defendants to sign licensing agreements. See Decl. of Tonia Sayour in Supp. re: Cinram MTD, Exs. 1-4 (e.g., "Based on publically available information, we understand that some Cinram DVD movie disks include features recited in the claims of these patents. Based on the presence of these features, we believe that Cinram might be interested in licensing one or more of the LaserDynamics USA patents."); Decl. of Tonia Sayour in Supp. re: Arvato MTD, Exs. 1-5 (stating the same with regard to Arvato).[1]

It is difficult to assert any Defendants had knowledge of the infringement where it cannot be said that Defendants were aware of a plausibly high risk of infringement based solely on the correspondence. As reasoned above, Plaintiff's unadorned (and implicitly stated) infringement "notice" via the correspondence could have been received as unsubstantiated and unenforceable patent trolling just as they could have amounted to knowledge of likely infringement. Without any facts from Plaintiff to nudge the Court in one direction or the other, knowledge is not plausibly pled.

---

[1] Arvato Entertainment also disclaims any knowledge can be attributed to it based on correspondence with Arvato N.A. and Arvato Digital. Arvato MTD at 13.

Even assuming knowledge was adequately established through the GPC correspondence or otherwise, Plaintiff has failed to adequately plead specific intent. LaserDynamics offers few additional facts to support the higher culpability standard of specific intent for its induced infringement claim, other than to argue that Defendants offer and market ancillary services to its manufacturing business, and again that Defendants had knowledge their services infringed. Cinram FAC ¶¶ 13-15, 26-28; Arvato FAC ¶¶ 15-17, 31-33. Knowledge of the infringement alone is not enough to establish culpability. See DSU Med. Corp. v. JMS Co., 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities"). The facts Plaintiff alleges do not support the theory that Defendants specifically intended to induce infringement in the normal course of operating their business any more than they support the theory that Defendants were lawfully soliciting customers to use their services to keep Defendants' businesses afloat. "As between the obvious alternative explanation . . . and the purposeful, invidious" unlawful conduct Defendant asks the Court to infer, the unlawful explanation "is not a plausible conclusion." Iqbal, 556 U.S. at 682.

**Conclusion**

For the reasons set forth above, Defendants motions to dismiss the FACs against them are both granted, and Plaintiff's claims as to direct infringement by products or methods other than DVD-9 discs, claims of willfulness, and claims of induced infringement are all dismissed. Plaintiff's direct infringement claims as to DVD-9 discs survive.

In both cases, Defendants filed motions to dismiss the original Complaints on July 14, 2015. Mot. to Dismiss Compl., LaserDynamics USA, LLC v. Cinram Group Inc., No. 15-cv-1629 (S.D.N.Y. July 14, 2015); Mot. to Dismiss Compl., LaserDynamics USA, LLC v. Arvato Systems N. Am., No. 15-cv-3822 (S.D.N.Y. July 14, 2015). Plaintiffs filed First Amended Complaints on July 31, 2015, before the motions could be heard. See Cinram FAC; Arvato FAC. Plaintiff was on notice as to the deficiency of their pleadings. Therefore, the aforementioned claims in Plaintiff's First Amended Complaints are dismissed with prejudice.

It is so ordered.

New York, NY
October 18, 2015

ROBERT W. SWEET
U.S.D.J.